Filed 2/7/25  P. v. Minjarez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082656 |
| v. | (Super.Ct.No. FVI22001679) |
| PAUL MINJAREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski and Flavio Nominati, Deputy Attorneys General, for Plaintiff and Respondent.

A jury convicted Paul Minjarez of sexually abusing four victims. The jurors found him guilty of (1) one count of sexual intercourse with a child 10 years old or younger, (2) one count of sexual penetration with a child 10 years old or younger, (3) one count of kidnapping to commit another crime, and (4) seven counts of lewd acts on a child under age 14. (Pen. Code, §§ 288, subd. (a), 288.7, subds. (a)-(b), 289, 209, subd. (b)(1); unlabeled statutory citations refer to this code.) On the kidnapping count, the court instructed the jurors that the underlying crime was sexual penetration. Minjarez challenges the evidence supporting that count. He argues that the record does not contain substantial evidence that he intended to commit sexual penetration when he kidnapped the victim. We affirm.

BACKGROUND

Minjarez's long-term girlfriend is Patty A. The four victims in this case are Patty's granddaughters (G.A., N.A., D.A., and E.C.). G.A., N.A., and D.A. are siblings. E.C. is their cousin. E.C. is the subject of the kidnapping count.

Patty often babysat her grandchildren, and E.C.'s family also lived with Patty for roughly one and one-half years. Minjarez visited Patty's home several times per week and stayed overnight at times.

E.C. was 13 years old when she testified at Minjarez's trial in 2023. He first touched her when she was around seven years old. They were in her grandmother's bedroom; he touched her buttocks over her clothes and her breasts under clothes. On other occasions, he touched her breasts over and under her clothes, showed her a video of

2

a girl dancing in a bikini, and put his hand inside her shorts and rubbed her vagina over her underwear.  He also showed her pornographic videos on his phone.

The incident underlying the kidnapping count occurred when E.C. was eight years old.  She was watching television in the living room with her sister.  Her parents were not at home, but her grandmother and Minjarez were there.  Her grandmother was taking a shower.  Minjarez grabbed E.C. from the couch and threw her over his shoulder.  She kicked her legs and pulled his hair because she did not want to go with him.  He took her into her grandmother's bedroom, locked the door, and pushed her onto the bed.  He laid her facedown on the bed and lay on top of her with his crotch touching her buttocks and one hand on each side of her.  She tried to push him off but could not.  He moved his body back and forth and said, "'This is how your grandma likes it.'"  Minjarez pulled her pants and underwear down and then took off his own pants and underwear.  He pressed down hard on her back, and she looked back quickly and saw his penis.  She felt his penis touch her buttocks, and he said, "'This is how sex feels like.'"  E.C. said, "'Eww, Paul,'" and pulled his hair.  Her grandmother called for her then, and Minjarez moved away quickly and looked nervous.  E.C. was able to pull up her pants, unlock the door, and run out.

G.A. was 14 years old when she testified at trial.  She described three incidents that occurred in 2018 and 2019, when she was roughly 10 years old.  On one occasion, Patty was asleep in her bedroom, and G.A. and her sisters were in bed in another room.  The other room had two beds, and G.A. was lying alone in one of them when Minjarez

3

lay down behind her. He put his hand in her underwear, rubbed her vagina, and penetrated her with his finger. He then pulled her pants down, penetrated her with his penis, and had intercourse with her. On the second occasion, her grandmother went to bed while G.A. and Minjarez were still awake. He pulled G.A. into the spare bedroom, and again he penetrated her with his penis and had intercourse with her. A similar incident happened when G.A. was staying in a hotel room with her grandmother, Minjarez, and her sisters. Everyone was asleep, and G.A. was sleeping on the floor. Minjarez lay down on the floor behind her, rubbed her body all over, and penetrated her.

N.A. was 17 years old when she testified at trial. She described an incident that occurred when she was 11 or 12 years old. Patty was sitting on the side of her bed looking at her phone, and N.A. was lying on the bed on her side. Minjarez came into the room and lay on the bed next to N.A. He pressed his body against her so that his stomach and legs were touching her back and buttocks. He rubbed her buttocks under her clothes, licked her ear, and sucked on her fingers. He stopped when Patty told N.A. to go sleep in another room.

N.A. described a second incident that occurred around the same time. She and D.A. were in bed; D.A. was asleep, and N.A. was "half asleep." Minjarez put his hand in N.A.'s shorts and rubbed her vagina over her underwear. Her grandmother came into the room and asked what he was doing, and he said that he "'was just checking on the girls.'"

D.A. was 15 years old when she testified at trial. She described two incidents that occurred when she was in third and fourth grade. Minjarez came into Patty's room while

4

D.A. was changing her clothes. He pulled D.A. close to him and grabbed her buttocks. On another occasion, she was sleeping on the living room sofa, and Minjarez put his hand under her shirt and rubbed her breasts. He did the same thing on a third occasion when she was 10 years old and they were playing in the front yard. He also showed her photos and videos of naked women on his phone.

The jury convicted Minjarez of sexual intercourse with a child 10 years old or younger (G.A.), sexual penetration with a child 10 years old or younger (G.A.), kidnapping to commit sexual penetration (E.C.), and seven counts of lewd acts on a child under age 14 (E.C., N.A., and D.A.). The jurors also found one strike law allegations true, namely, that the victims of the lewd act offenses were under age 14 and that there was more than one of those victims. (§ 667.61, subds. (c)(4), (e)(4), (j)(2); *People v. Betts* (2020) 55 Cal.App.5th 294, 297.)

In October 2023, the court sentenced Minjarez to a total of 190 years to life in prison, consisting of 25 years to life for the sexual intercourse count, 15 years to life for the sexual penetration count, and 25 years to life for six of the lewd act counts. The court stayed Minjarez's sentences on the kidnapping count and the remaining lewd act count.

DISCUSSION

Minjarez argues that the record does not contain substantial evidence that he intended to commit sexual penetration when he kidnapped E.C. We disagree.

Section 209, subdivision (b), defines the crime of aggravated kidnapping for the purpose of committing specified sex offenses. (*People v. Adams* (2018) 28 Cal.App.5th

5

170, 193.) The statute prohibits a person from kidnapping "an individual to commit . . . rape, oral copulation, sodomy, or any violation of Section 264.1, 288, 289 or former Section 262." (§ 209, subd. (b)(1).) The People must prove that the defendant had the specific intent to commit one of the specified sex offenses. (*People v. Dominguez* (2006) 39 Cal.4th 1141, 1151, fn. 6; *Adams*, at p. 193.) The defendant need not complete the sex offense. They need only have the specific intent to commit the sex offense when the kidnapping begins. (*People v. Davis* (2005) 36 Cal.4th 510, 565-566.)

The underlying offense in this case is sexual penetration, which is defined by section 289. "'Sexual penetration' is the act of causing the penetration, however slight, of the genital or anal opening of any person . . . by any foreign object, substance, instrument, or device, or by any unknown object." (§ 289, subd. (k)(1).) The penetration must be "for the purpose of sexual arousal, gratification, or abuse." (*Ibid*.) "'Foreign object, substance, instrument, or device' shall include any part of the body, except a sexual organ." (§ 289, subd. (k)(2).) However, a penis may qualify as an "unknown object" for purposes of the sexual penetration offense if "it is not known whether penetration was by a penis or by" some other object or body part. (§ 289, subd. (k)(3).)

In resolving a substantial evidence claim, we review "the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Kipp* (2001) 26 Cal.4th 1100, 1128.) We resolve all conflicts in the evidence and credibility questions in favor of the

verdict. (*People v. Zamudio* (2008) 43 Cal.4th 327, 357.) We do not reweigh the evidence or reevaluate witness credibility. (*People v. Nelson* (2011) 51 Cal.4th 198, 210.)

The record contains substantial evidence that Minjarez intended to commit sexual penetration when he grabbed E.C. from the living room and carried her to the bedroom. He laid E.C. facedown on the bed, got behind her, and pushed his clothed crotch and then his bare penis against her buttocks, saying, "'This is how sex feels like.'" He undressed her from the waist down. He stopped only because E.C.'s grandmother called for her, which gave her a chance to unlock the door and flee. Minjarez committed sexual penetration against her cousin, G.A., around the same time and under similar circumstances; he lay down behind G.A. when her grandmother was asleep in another room, penetrated her with his finger, and then penetrated her with his penis. The jurors could reasonably infer from all of that evidence that Minjarez intended to penetrate E.C. with his finger and then his penis when he carried her into the bedroom.

Minjarez points out that the jury instruction regarding sexual penetration defined a "foreign object, substance, instrument, or device" to "include[] any part of the body except a sexual organ." The court's instruction did not include the portion of the pattern instruction that defined an unknown object as "a penis, if it is not known what object penetrated" the victim. (CALCRIM No. 1128.)

Minjarez relies in particular on the jury instruction's exclusion of a sexual organ as the penetrating object. He argues that the evidence shows that he rubbed E.C. with

"his 'sexual organ,'" and there was no evidence that he intended to penetrate her with something other than his sexual organ. He further asserts that the evidence "might have proved, if anything, that [he] intended to have sexual intercourse with E.C. when he brought her into the room . . . . Nothing in that evidence, however, demonstrated that [his] intent only was to sexually penetrate E.C."

The argument lacks merit. As already explained, under similar circumstances, Minjarez penetrated G.A. with his finger as a precursor to sexual intercourse. That evidence supports a reasonable inference that he intended to do the same to E.C. And Minjarez does not cite any authority for the proposition that he had to intend *only* sexual penetration and not multiple sex offenses. Nor are we aware of any. In short, regardless of whether he also intended sexual intercourse, the evidence was sufficient to support the jury's finding that Minjarez kidnapped E.C. with the intent to sexually penetrate her.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

CODRINGTON
Acting P. J.

RAPHAEL
J.